UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
Civil Action No. 1:23-cv-00001-LLK

PAMELA G.                                                                                                                    PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. Plaintiff's fact/law summary is at Doc. 13, and the Commissioner's response in opposition is at Doc. 15. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 10].

For the reasons below, the Court will REMAND this matter to the Commissioner, pursuant to Sentence 6 of 42 U.S.C. § 405(g), for consideration of new and material evidence that Plaintiff suffers from a right knee impairment and sacroiliitis. The evidence in question is at pages 14 through 30 of the administrative record. [Doc. 8 at 14-30].

### Procedural history

On November 15, 2021, the Administrative Law Judge (ALJ) issued the Commissioner's final decision. *Id.* at 34-45. The ALJ denied Plaintiff's disability claim, finding that she was not under a disability as defined in the Social Security Act through the decision date on November 15, 2021. *Id.*

On October 28, 2022, the ALJ's decision became the Commissioner's final decision when the Appeals Council declined to disturb the ALJ's decision. *Id.* at 1-4. The Appeals Council rejected Plaintiff's argument that the ALJ's decision was not supported by substantial evidence and rejected Plaintiff's argument that the evidence at Doc. 8 at 14-30 (mentioned above) constitutes new and material evidence

1

warranting a remand to the ALJ for a new decision. *Id.* Specifically, the Appeals Council found that the evidence was not material because it post-dated the ALJ's decision:

> You submitted treatment notes from Western Kentucky Orthopaedic and Neurosurgical Associates dated December 28, 2021 to January 4, 2022 (18 pages). The Administrative Law Judge decided your case through November 15, 2021. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 15, 2021.

*Id.* at 2.

### Standards governing Sentence 6 remands

42 U.S.C. § 405(g) governs judicial review of final decisions of the Commissioner. Sentence 4 authorizes remand of decisions that are not supported by substantial evidence. Sentence 6 authorizes remand for consideration of material evidence that was not before the Commissioner at the time of the Commissioner's final decision:

> The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

Sentence 6, 42 U.S.C. § 405(g).

A reviewing court makes its Sentence 6 materiality independently of any prior finding by the Appeals Council of lack of materiality. *See e.g. Harvey v. Comm'r of Soc. Sec.*, No. 16-3266, 2017 WL 4216585 (6th Cir. Mar. 6, 2017). In other words, the Appeals Council's finding of lack of materiality is not entitled to any deference. *Id.* Thus, in *Harvey* the Court found that a Sentence 6 remand was required notwithstanding the Appeals Council's prior finding that the evidence in question was not material. *Id.*

For purposes of judicial review (which is distinguishable from Appeals Council purposes), evidence is "material" if there is "a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." *Caudill v. Comm'r of Soc. Sec.*, No. 4:20-CV-00152-JHM, 2022 WL 526236, at *4 (W.D. Ky. Feb. 22, 2022) (quoting *Ferguson v. Comm'r*, 628

F.3d 269, 276 (6th Cir. 2010)). Materiality is determined in relationship to the ALJ's decision. *Id.* Accordingly, the ALJ's decision is summarized below.

"Good cause" is demonstrated, among other ways, by showing that the evidence in question arose from "continued medical treatment of the condition [after the ALJ's decision], and was not generated merely for the purpose of attempting to prove disability." *Id.* (quoting *Koulizos v. Sec'y of Health & Human Servs.*, No. 85-1654, 1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986)).

**The ALJ's decision**

On November 15, 2021, the Administrative Law Judge (ALJ) issued the Commissioner's final decision. [Doc. 8 at 34-45]. The ALJ denied Plaintiff's disability claim, finding that she was not under a disability as defined in the Social Security Act through the decision date on November 15, 2021. *Id.*

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 2, 2021, when she alleges that she became disabled. *Id.* at 36.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: left total knee arthroplasty, degenerative disc disease, coronary artery disease, history of tachycardia, carpal tunnel syndrome status post left carpal tunnel release, and obesity. *Id.* at 37.

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 38.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding her impairments, Plaintiff can:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand and/or walk for 4 hours out of an 8-hour workday … can occasionally push/pull and operate foot controls with the left lower extremity … can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but can never climb ladders, ropes, or scaffolds … can perform frequent

3

handling bilaterally … must avoid work at unprotected heights or around unguarded moving machinery.

*Id.* at 40.

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 43.

Fifth, the ALJ found that Plaintiff retains the ability to perform a significant number of unskilled, light jobs in the national economy such as cashier, furniture rental clerk, and mail sorter. *Id.* at 44.

## Discussion

As noted above, the ALJ found that, notwithstanding her "left total knee arthroplasty," Plaintiff can "stand and/or walk for 4 hours out of an 8-hour workday … can occasionally push/pull and operate foot controls with the left lower extremity … can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs." *Id.* at 40. In finding that Plaintiff can "occasionally" use her left lower extremity to push/pull and operate foot controls, the ALJ implicitly found that Plaintiff has no significant inability to use her right lower extremity.

The new evidence of a right knee impairment and sacroiliitis is material with respect to the ALJ's finding that Plaintiff could "stand and/or walk for 4 hours out of an 8-hour workday," had no significant inability to use her right lower extremity to "push/pull and operate foot controls," and could "occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs."[1]

---

[1] In fact, if limited to sedentary work, it appears that Plaintiff would have been entitled to an ultimate finding of "disabled" as of June 3, 2021 (her fiftieth birthday) based on direct application of Rule 201.14 of Appendix 2 of the regulations. This is because the full range of sedentary work requires 6 hours of sitting per 8-hour workday (with standing/walking during the remaining 2 hours), and light work generally requires 6 hours of standing/walking per 8-hour workday (with sitting during the remaining time). Social Security Ruling (SSR) 83-10, 1983 WL 31251. In her written decision, the ALJ cited Rules 202.21 and 202.14 as a framework for decisionmaking. [Doc. 8 at 44]. Rules 202.21 and 202.14 contemplate a maximum sustained work capability limited to light work. Rule 202.21 contemplates a "younger" individual age 18 to 49 years and directs an ultimate finding of "not disabled." Rule 202.14 contemplates an individual "closely approaching advanced age" of 50 to 54 years and directs an ultimate finding of "disabled." The corresponding rules for an individual limited to sedentary work are Rules 201.21 and 201.14. Rule 201.21 directs an ultimate finding of "not disabled." Rule 201.14 directs an ultimate finding of "disabled."

The above "standards governing Sentence 6 remands" section discusses *Harvey v. Comm'r*, No. 16-3266, 2017 WL 4216585 (6th Cir. Mar. 6, 2017).  In *Harvey*, the Commissioner argued that the new evidence did not "affect the [ALJ's] decision" because, as the Appeals Council had found, the evidence post-dates the ALJ's decision.  *Id.* at *5.  "Contrary to the Commissioner's argument, this post-hearing evidence did not merely reveal a change in … condition that arose after the date of the ALJ's decision; instead, this evidence was related to Harvey's ongoing knee problems at the time the ALJ rendered his decision." *Id.* at *9.  Like Harvey, Plaintiff had ongoing knee problems at the time the ALJ rendered his/her decision.

"Good cause" is present because the evidence arose from "continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability."  *Caudill v. Comm'r*, No. 4:20-CV-00152-JHM, 2022 WL 526236, at *4 (W.D. Ky. Feb. 22, 2022) (quoting *Koulizos v. Sec'y*, No. 85-1654, 1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986)).

Next, Plaintiff argues that the ALJ's Step 2 findings are deficient for failing to acknowledge her severe right knee impairment and sacroiliitis.  The argument is moot in light of the Sentence 6 remand ordered herein.

Finally, Plaintiff argues that the ALJ's evaluation of the limiting effects of her pain and other subjective symptoms (particularly with respect to her right knee impairment and sacroiliitis) is not in accord with applicable legal standards.  The argument is moot.

### Order

For the foregoing reasons, this case is hereby REMANDED to the Commissioner, pursuant to Sentence 6 of 42 U.S.C. § 405(g), for consideration of new and material evidence showing that Plaintiff suffers from a right knee impairment and sacroiliitis.

May 31, 2023

Lanny King, Magistrate Judge
United States District Court